## Hirsch v. Lingo

*Thomas E. Comber, Jr.*, for original defendant.
*Michael E. Foley*, for additional defendant.

REIMEL, J., April 7, 1960.—This matter comes before the court on the original defendant's preliminary objection in the form of a motion to strike additional defendant's cross-claim against the original defendant.

This is an action in trespass instituted by plaintiffs for personal injuries sustained by wife plaintiff when she fell on the pavement adjacent to the business premises of defendant, alleging that such fall was caused by the negligence of defendant. Defendant joined the additional defendants alleging sole or joint negligence. Additional defendant, Sun Oil Company, filed an answer to defendant's complaint including a cross-claim against defendant based upon an indemnity agreement contained in the lease for the business premises executed by defendant and additional defendant, Sun Oil Company. Thereupon defendant filed the preliminary objection as aforesaid.

Defendant contends that the cross-claim of additional defendant, Sun Oil Company, is not in conformity to law, results in the joinder of an assumpsit action with a trespass action and is prohibited by Pa. R. C. P. 2256(*b*).

The procedure between the party joining an additional defendant and the additional defendant shall be the same as though the party joining the additional defendant were a plaintiff and the additional defendant were a defendant: Pa. R. C. P. 2255(*a*).

In a trespass action, a defendant may plead a counterclaim which arises from the same transaction

or occurrence or series of transactions or occurrences from which plaintiff's cause of action arose: Pa. R. C. P. 1046. Pa. R. C. P. 2256(*b*) governs the right of counterclaim by an additional defendant and provides: "An additional defendant may not assert a counterclaim which is not founded upon the transaction, occurrence or series of transactions, or occurrences out of which the original cause of action arose."

This rule observes the principle that the action in which an additional defendant has been joined should be confined to related claims to the extent of prohibiting the additional defendant from asserting an unrelated counterclaim. Although the additional defendant may be procedurally inconvenienced, his substantive rights are not impaired since he may still institute a separate action upon the unrelated claim: 3 Goodrich-Amram, Procedural Rules Service, §2256(*b*)-1.

The cross-claim, which is really a counterclaim, is based upon an indemnity agreement that is not founded upon the transaction, occurrence or series of transactions or occurrences out of which the original cause of action arose. Such cross-claim is therefore improper.

Defendant's contention relating to the joinder of an assumpsit action with a trespass action is without merit. Pa. R. C. P. 1046 now permits a counterclaim in assumpsit in a tort action, if it arises from the same factual background as plaintiff's complaint: Lenker v. Boyer, 85 D. & C. 531; Reo Motors, Inc. v. Wolf, 70 D. & C. 463; Jones v. Auto Rental Company, 63 D. & C. 207; Robinson v. Burrell, 32 Westmoreland 249; 2 Anderson, Pa. Civ. Pract. p. 680; 3 Goodrich-Amram, Procedural Rules Service, §1046-1. Pa. R. C. P. 2255(*a*) and Pa. R. C. P. 2256(*b*) permit the same type of counterclaim by an additional defendant.

For the above reasons, defendant's preliminary objection is sustained and the court enters the following:

## Order

And now, to wit, April 7, 1960, defendant's preliminary objection is sustained and the cross-claim of additional defendant, Sun Oil Company, is stricken without prejudice.